IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SHAWN F. BYRNE, and )
AMANDA E. BYRNE, )
 )
    Plaintiffs, )
 )
v. ) Case No. CIV-17-361-R
 )
TACO BELL OF AMERICA, LLC, )
a Delaware corporation, and TACO BELL )
OF AMERICA, INC., )
 )
    Defendants. )
 )

# ORDER

Before the Court is Defendants' Motion to Dismiss. Doc. 16. Plaintiffs have responded, Doc. 17, and Defendants replied. Doc. 18.

The facts of this case are set out in the Court's earlier Order. Doc. 14. For context, Shawn Byrne and Amanda Byrne, husband and wife, have jointly sued Taco Bell[1] for allegedly contaminating Mr. Byrne's food in February 2017. The Court previously allowed the Byrnes to amend their Complaint to add claims for product liability and breach of implied warranty. Plaintiffs did so and now each assert claims for (1) negligent supervision and negligent hiring, (2) negligence, (3) product liability, and (4) breach of warranty. Doc. 15. Defendants have again moved to dismiss all claims.

---

[1] It appears that Plaintiffs improperly named Taco Bell of America, Inc. as a Defendant in this action. Taco Bell of America, Inc., converted to a limited liability company, Taco Bell of America, LLC, in late 2011. The Oklahoma Secretary of State thus no longer lists Taco Bell of America, Inc. as an active legal entity. For simplicity's sake, the Court will use the singular "Taco Bell" when referring to Defendants.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a pleading must offer more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. There must be "sufficient factual matter, [which if] accepted as true . . . state[s] a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plausible claim is one that "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiffs must "nudge[] their claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570. Further, the Court "must accept all the well-pleaded allegations of the complaint . . . and must construe them in the light most favorable to the [non-moving party]." *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014).

Defendants first argue that the Byrnes' claims for negligent hiring, training, and supervision must be dismissed because the Byrnes failed to plead any facts suggesting that Defendants in any way knew that their employees were likely to adulterate or contaminate food. The Court agrees.

While "[e]mployers may be held liable for negligence in hiring, supervising, or retaining an employee," imposing liability on the employer requires that "the employer had

reason to believe that the person would create an undue risk of harm to others." *N.H. v. Presbyterian Church (U.S.A.),* 998 P.2d 592, 600 (Okla. 1999). Simply put, the Byrnes must, at a minimum, allege that Taco Bell had "prior knowledge of the servant's propensities to create the specific danger resulting in damage." *Id*. The Byrnes have not done that. Instead, their Complaint alleges only that Taco Bell was "negligent in their action, supervision, and/or hiring of the three Taco Bell employees who committed the acts as alleged," Doc. 15, at 4, and that two of the three Taco Bell employees involved in the incident were felons. Their Response suggests that Taco Bell would have necessarily known that the employees were felons, thus making the restaurant a negligent hirer. These are the types of conclusory allegations that *Twombly* forecloses. Even viewing these facts in the light favorable to the Byrnes, there is no allegation anywhere that Taco Bell was aware that their employees would be grossly negligent in preparing Mr. Byrne's food or that they would intentionally contaminate it. They have therefore failed to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 571. Both Shaun's and Amanda Byrne's claims for negligent supervising and hiring must therefore be dismissed.

In fact, all of Ms. Byrne's remaining claims must be dismissed because it was Mr. Byrne, not she, who was injured by the adulterated food. Oklahoma law demands that a plaintiff alleging product liability or breach of warranty "show[] a personal injury directly resulting from the allegedly defective product." *Slaton v. Vansickle*, 872 P.2d 929, 931 (Okla. 1994). In *Slaton*, for example, the Oklahoma Supreme Court found that a claimant had no cause of action under either of those theories after his gun accidentally discharged

to kill a bystander. *Id.* "His injury came about only *after* learning the gun's accidental discharge had caused a death, not, because he was injured from the discharge." *Id.* There, the claimant's injuries were harm to his business and emotional distress, injuries the Court equated to a theory of negligent infliction of emotional distress under some type of bystander theory. Given this requirement of a personal injury caused by the defective product itself, Ms. Byrne's claims for product liability and breach of warranty fail.

Also unsuccessful is Ms. Byrne's claim for negligence, or rather, negligent infliction of emotional distress. The two claims are one in the same, since "negligent infliction of emotional distress is not an independent tort, but is in effect the tort of negligence." *Wilson v. Muckala*, 303 F.3d 1207, 1213 (10th Cir. 2002) (*citing Kraszewski v. Baptist Med. Ctr. of Okla., Inc.*, 916 P.2d 241, 243 n.1 (Okla. 1996)). Like the claimant in *Slaton,* Ms. Byrne is no more than a bystander who suffered emotional distress. She alleges that her husband's injuries caused extreme stress and mental anguish and greatly affected her emotional state. These allegations, however, are not adequate to state a claim for negligence. As the Oklahoma Supreme Court recognized in *Slaton* when denying claimant's emotional-distress claim, Oklahoma has not adopted a bystander theory: the "rule long recognized in Oklahoma [is] that recovery for mental anguish is restricted to such mental pain or suffering as arises from an injury or wrong to the person rather than from another's suffering or wrongs committed against another person." *Id*. at 931. While Oklahoma will acknowledge a claim for "physical injury where it is accompanied by mental stress or mental stress is accompanied by physical injury," that situation is where "the negligent act created a *breach of duty as to the party*." *Id*. (emphasis in original). "This is not what [Ms.

4

Byrne] is arguing. It is not the [defective food] that created [her] injury, but rather the result [Mr. Byrne's injuries] that has caused [her] alleged mental and/or physical injury." *Id*. at 931. Consequently, Ms. Byrne's claim for negligence is no more viable than her claims for product liability and breach of warranty and must therefore be dismissed.

Dismissing these claims still leaves the Court with Mr. Byrne's claims for product liability, breach of warranty, and negligence. Taco Bell does not make any specific argument why these claims should be dismissed other than that they are not plausible. The Court already explained in its earlier Order why Mr. Byrne has stated a claim for negligence. And it is not difficult to see how he has stated claims for product liability and breach of warranty considering he suffered serious burns from Taco Bell's food. The Court declines to dismiss these remaining claims.

In conclusion, Defendants' Motion to Dismiss, Doc. 18, is GRANTED in part and DENIED in part. The Court dismisses all of Ms. Byrne's claims as well as Mr. Byrne's claim for negligent hiring. The Court, however, will allow Mr. Byrne to amend his Complaint and add a claim for negligent hiring if in the course of discovery facts are uncovered which would support such a claim.

IT IS SO ORDERED this 30th day of June, 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE